Bentford Earl STARLING, Jr.,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 80–2108
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 27, 1981.

Bentford Earl Starling, Jr., pro se.

Charles A. Palmer, Austin, Tex., for respondent-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Petitioner Bentford Earl Starling, Jr. appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Starling pled guilty to murder in Texas state court and was sentenced to life imprisonment. Starling lists the same claims attacking his conviction in his *pro se* petition which he exhausted in the Texas state courts. The district court adopted the findings and recommendations of the United States magistrate and denied relief on all grounds. We affirm.

In his petition, Starling attacks his conviction on four grounds.[1] He first con-

---

1. Starling states in his brief before this court that the last three issues raised in his petition "need no reviewing by this court." However, because Starling proceeds without the assistance of counsel and may not have intended to waive these claims on appeal, we examine the merits of each issue.

Starling also asserts on appeal one issue not raised in the district court. He contends that the magistrate had no authority to conduct an evidentiary hearing and dispose of the issues

tends his plea of guilty was coerced and involuntarily entered. As a basis for this argument, Starling alleges he pled guilty so that the state would not prosecute him for capital murder which could have resulted in a death sentence. It has long been held that a guilty plea will not be adjudged involuntary solely because it was entered to limit the maximum sentence or avoid a possible death penalty. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Jones v. Estelle,* 584 F.2d 687 (5th Cir. 1978). After having reviewed the record, we find that Starling understood the charges against him, that he understood the possible penalties he could receive if he went to trial, and that he was not threatened or coerced into pleading guilty. Secondly, Starling charges that the district court erred in failing to inquire into his mental competency to stand trial as required by state statute. The trial court is required to hold a competency hearing only if there is evidence before the court which raises a bona fide doubt as to defendant's competence. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Reese v. Wainwright,* 600 F.2d 1085 (5th Cir. 1979), *cert. denied,* 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). The record shows no facts that should have alerted the trial judge to conduct a separate competency hearing. Additionally, unless fundamental fairness was denied, failure to follow state procedure is not reviewable in a federal habeas petition. *Forbes v. Estelle,* 559 F.2d 967 (5th Cir. 1977). Starling also contends that his counsel was inadequate and ineffective. The duty of defense counsel where a guilty plea is entered is to make certain that the plea is entered voluntarily and knowingly. *United States v. Crook,* 607 F.2d 670 (5th Cir. 1979). Starling was thoroughly questioned as to whether his plea was voluntary and he told the court he was satisfied with both his court-appointed counsel and investigator. Therefore, this claim is meritless. Finally, Starling argues

raised, and that the district court should have held a separate hearing. Although this claim is not properly before this court, *Mayberry v. Davis,* 608 F.2d 1070 (5th Cir. 1979), we note it

that the indictment was void because it failed to prove ownership. Although Starling fails to allege what "ownership" the state should have proved, it is clear that ownership is not an element of murder that need be pleaded or proved. *See* Tex.Penal Code § 19.02(a). Accordingly, we affirm the decision of the district court.

AFFIRMED.

is wholly without merit. *See United States v. Raddatz,* 447 U.S. 67, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Louis v. Blackburn,* 630 F.2d 1105 (5th Cir. 1980).