859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John William LONCHAR, Petitioner-Appellant,
v.
Theodore KOEHLER, Warden of Marquette Branch Prison; Frank
J. Kelley, Michigan Attorney General, Respondents-Appellees.
 No. 88-1221.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1988.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 John William Lonchar, a pro se Michigan state prisoner, appeals the district court's denial of his motion seeking an extension of time to file a notice of appeal or the reissuance of an earlier order dismissing his habeas petition.
 
 
 4
 Lonchar was convicted, following a bench trial, of felony murder and was sentenced to life imprisonment. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 alleging insufficiency of the evidence and that his conviction was obtained by use of a coerced confession. The district court denied the petition on December 3, 1986. On January 14, 1987, petitioner filed his notice of appeal from the December 6th order. Notwithstanding the fact that the notice of appeal was twelve days late, the district court granted a certificate of probable cause (CPC) on February 12, 1987. Thereafter, this court dismissed the appeal (Case No. 87-1155) for lack of jurisdiction. Petitioner, alleging excusable neglect, then moved the district court to either reissue its December 6, 1986 order so he could file a timely appeal, or declare that by granting the certificate of probable cause it implicitly granted petitioner an extension of time in which to appeal. The district court denied relief; and petitioner now appeals that ruling.
 
 
 5
 We affirm the district court's judgment. Petitioner's first notice of appeal was not filed within thirty days after entry of judgment as required by Fed.R.App.P. 4(a). Nor has he filed a timely motion for an extension of time under Fed.R.App.P. 4(a)(5). The district court therefore did not abuse its discretion in denying petitioner's motion because the court no longer had the authority to grant petitioner additional time in which to appeal. See Donlin v. Watkins, 814 F.2d 273, 276 n. 1 (6th Cir.1987); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 42 (6th Cir.1984) (per curiam); Pryor v. Marshall, 711 F.2d 63, 64-65 (6th Cir.1983).
 
 
 6
 Moreover, contrary to petitioner's assertions, a grant of certificate of probable cause can not be construed as an implicit finding by the district court of excusable neglect for the late filing of a notice of appeal. See Mann v. Lynaugh, 840 F.2d 1194, 1197-98 (5th Cir.1988); Barksdale v. Blackburn, 647 F.2d 630, 631-32 (5th Cir.) (per curiam), vacated on other grounds, 454 U.S. 1118 (1981). Furthermore, it should be reiterated that the district court granted a CPC on February 12, 1987, after the second thirty day time period had expired. Because petitioner did not file a timely motion for an extension under Fed.R.App.P. 4(a)(5), the fact that a CPC was granted is irrelevant to the resolution of this case.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation