IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50653
Summary Calendar
_____

CHRISTOPHER CUELLAR,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

----------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-1151
----------------------

February 24, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher Cuellar seeks permission to proceed *in forma pauperis* (IFP) on appeal from the district court's denial of his 28 U.S.C. § 2254 petition.  At the time that Cuellar could have taken his appeal, notice of appeal was to be filed with the district court clerk within 30 days of the entry of judgment or order appealed from in a civil case.  FED. R. APP. P. 4(a)(1)

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1997).  If an appropriate motion is filed within 30 days after that period has expired, the district court may extend the time for filing a notice of appeal if it finds excusable neglect or good cause.  FED. R. APP. P. 4(a)(5).  Unless a motion to extend the time has been filed by the end of the second 30-day period, the appeal must be dismissed, because timely filing of the notice is a mandatory precondition to the exercise of appellate jurisdiction.  Nelson v. Foti, 707 F.2d 170, 171 (5th Cir. 1983); Reynolds v. Hunt Oil Co., 643 F.2d 1042 (5th Cir. 1981).  Documents that "clearly evince an intent to appeal" are considered to be equivalent to a notice of appeal, e.g., applications for leave to appeal IFP.  Stevens v. Heard, 674 F.2d 320, 322 (5th Cir. 1982).

Although a notice of appeal was filed in Cuellar's case within 30 days of the denial of his § 2254 petition, it was signed on his behalf by an "Irene Hoey," who does not appear to be a licensed attorney in the state of Texas.  "[T]he Constitution of the United States, in particular the First and Sixth Amendments, does not grant to [a litigant] the right to have an unlicensed layman represent them in Court proceedings." Turner v. American Bar Ass'n, 407 F. Supp. 451, 478 (N.D. Tex. 1975), affirmed, sub nom. Pilla v. American Bar Ass'n, 542 F.2d 56 (8th Cir. 1976); see also Guajardo v. Luna, 432 F.2d 1324, 1325 (5th Cir. 1970).  The notice of appeal was therefore invalid.

Cuellar did file a notice to proceed IFP with the district court; however, this filing was not within the 30-day period

required by FED. R. APP. P. 4(a)(1).  Although it was filed within the 30-day grace permitted by Rule 4(a)(5), Cuellar did not file a motion to extend the time for filing and did not make a showing of good cause or excusable neglect.  Although the district court granted a partial COA as an alternative to this court's finding that the notice of appeal signed by Hoey was proper, the district court did not find that excusable neglect or good cause for a late-filed notice of appeal existed.  Under the rule of this circuit, there is no jurisdiction over the appeal and it must be dismissed.  See Mann v. Lynaugh, 840 F.2d 1194, 1196-1201.

APPEAL DISMISSED FOR LACK OF JURISDICTION.