IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51168
Summary Calendar
_____

LARRY W. HILL, ET AL.,

Plaintiffs,

versus

ERASMO E. BRAVO, ETC., ET AL.,

Defendants.
*****************************************************************

TIMOTHY P. THURSTON; DESTRY THOMAS,

Plaintiffs-Appellants,

versus

E. BRAVO,

Defendant-Appellee.
_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-95-CV-917
USDC No. SA-97-CV-391
_____
February 4, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Timothy Thurston, Texas prisoner #582236, and Destry Thomas, Texas prisoner #654261, appeal from the district court's judgment dismissing their 42 U.S.C. § 1983 complaint in part and granting summary judgment, in its entirety, in favor of the defendants.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thurston and Thomas had alleged that excessive force had been used against them and that they had been denied adequate medical care.

Thomas's notice of appeal, dated beyond the thirty days permitted to file a timely notice of appeal, is untimely. Fed. R. App. P. 4(a)(1) (thirty days in which to appeal timely). Although Thomas's notice of appeal was filed within the 30-day grace permitted by Fed. R. App. P. 4(a)(5), Thomas did not file a motion to extend the time for filing and did not make a showing of good cause or excusable neglect. Under the rule of this circuit, there is no jurisdiction over Thomas's appeal, and it is DISMISSED. See Mann v. Lynaugh, 840 F.2d 1194, 1196-1201 (5th Cir. 1988).

Thurston does not challenge the district court's determination that he had failed to present sufficient facts identifying his attackers with regard to his excessive force claim arising out of an alleged physical assault. He instead argues, for the first time, that Major Bravo is liable for these officers' actions because he was present but did not intervene to stop the assault. As this theory of liability was never raised in the district court, it cannot be raised for the first time on appeal. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), petition for cert. filed, (U.S. Nov. 24, 1999)(No. 99-884). Accordingly, the judgment of the district court granting summary judgment in favor of the defendants with regard to the excessive force claim premised upon the physical assault must be AFFIRMED.

Thurston's excessive force claim premised upon the gassing of the bus by defendants Major Bravo, Warden Poppell, and Captain Head, however, must be vacated and remanded the light of this court's decision in Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999). The record reflects that Thurston sought and received medical treatment following the gassing of the bus, and Thurston also averred that the gas had injured him, "causing great pain to [his] eyes, lungs, nose, mouth[,] and skin." Without a conclusion that the force was applied in a good faith effort to maintain or restore discipline, rather than maliciously and sadistically to cause harm, there is no context in which to judge the amount of force used. The relatively scant evidence of a physical injury alone does not preclude relief when the district court was unable to conclude as a matter of law that the gassing of the bus was objectively reasonable. Baldwin, 137 F.3d at 839. Accordingly, we VACATE the district court's grant of summary judgment for Major Bravo, Warden Poppell, and Captain Head and REMAND the excessive force claim premised upon the gassing of the bus for further proceedings.

Thurston has abandoned his claims against the defendants in their official capacity, his conspiracy claim, and his denial of adequate medical care claim, by failing to brief them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(6).

DISMISSED in part; AFFIRMED in part;

VACATED and REMANDED in part.[1]

---

[1]All outstanding motions are DENIED.