# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2010

No. 09-30923
Summary Calendar

Lyle W. Cayce
Clerk

MARLO CHARLES,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-8108

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Marlo Charles, Louisiana prisoner # 112939, appeals pro se from the denial of his 28 U.S.C. § 2254 application challenging his conviction for aggravated rape. He has also moved for leave to file a reply brief out of time. We have a duty to examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a jurisdictional requirement in a civil case. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). As § 2254 actions are civil in nature, Charles's notice

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal had to be filed within 30 days following the entry of the district court's judgment dismissing his § 2254 application. *See* 28 U.S.C. § 2107(a); *Archer v. Lynaugh*, 821 F.2d 1094, 1096 (5th Cir. 1987); *see also* FED. R. APP. P. 4(a)(1)(A).

Although Charles's notice of appeal was marked as filed by the district court 11 days after it was due, it would be timely if the prison mailbox rule were applicable, given that Charles mailed it before the expiration of the limitations period for filing his notice of appeal. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 4(c)(1). The prison mailbox rule does not apply to Charles's notice of appeal, however, as it was delivered to prison authorities for forwarding to the Louisiana Second Circuit Court of Appeal, as reflected in the address on the envelope that contained the notice of appeal. *See Houston*, 487 U.S. 272-73 ("[D]elivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the district court."); *see also Dison v. Whitley*, 20 F.3d 185, 186-87 (5th Cir. 1994); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993). Similarly, Charles's motion to proceed in forma pauperis (IFP) also was mailed by Charles before the expiration of the time period for appealing but was addressed and mailed to the Louisiana Second Circuit Court of Appeal.

Charles did not move for an extension of time to file a notice of appeal with us, and none of his filings contained any assertion of good cause or excusable neglect for filing a late notice of appeal. The district court's orders granting Charles a certificate of appealability and leave to proceed IFP contained no statement regarding the timeliness of his notice of appeal or any mention of good cause or excusable neglect for Charles's late filing of his notice of appeal. As Charles's notice of appeal was untimely, his appeal is dismissed for lack of jurisdiction. *See Bowles*, 551 U.S. at 213-14; *see also Mann v. Lynaugh*, 840 F.2d 1194, 1198-1199 & n.4 (5th Cir. 1988).

APPEAL DISMISSED; MOTION DENIED.