# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2019

Lyle W. Cayce
Clerk

J&J SPORTS PRODUCTIONS, INCORPORATED, as Broadcast Licensee of the September 14, 2013 "The One": Floyd Mayweather, Jr. v. Saul Alvarez WBC Middleweight Championship Fight Program,

Plaintiff-Appellee

v.

LEROY PERALES, doing business as Oasis Lounge,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1975

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee J&J Sports Productions, Incorporated ("J&J") filed a civil suit against Defendant-Appellant Leroy Perales, individually and doing business as Oasis Lounge, under the Federal Communications Act, 47 U.S.C. §§ 553, 605. The district court granted summary judgment in favor of J&J, awarded $9,200 in damages and $2,000 in attorneys' fees to J&J, and denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20010

Perales's motions to alter or amend, or for relief from, the judgment.  Perales appeals, challenging whether (1) he received adequate notice in the district court, (2) it is clear that the court reviewed all the summary judgment evidence, (3) the suit complied with the limitations period, (4) the damages award exceeded the statutory maximum, and (5) the court abused its discretion in denying motions to reconsider.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  To the extent that Perales challenges the district court's underlying judgment, his notice of appeal is untimely because he did not file it within 30 days of December 1, 2017, the date of the entry of the denial of his initial motion under Federal Rule of Civil Procedure 59(e).  *See* FED. R. APP. P. 4(a)(4)(A); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1069 (5th Cir. 1987) (holding that a successive motion to alter or amend "does not again terminate the running of the time for appeal" where the district court refuses to alter or amend the judgment).  He also did not file an actual or constructive motion to extend the window for appeal.  *See* FED. R. APP. P. 4(a)(5); *Mann v. Lynaugh*, 840 F.2d 1194, 1199 n.4 (5th Cir. 1988).  Accordingly, we dismiss the appeal, in part, for lack of jurisdiction.  *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also* 28 U.S.C. § 2107(a).

To the extent that Perales challenges the denial of his second postjudgment motion, his notice of appeal is timely.  *See* FED. R. APP. P. 4(a)(1)(A).  However, the district court did not abuse its discretion in denying this motion.  *See Edionwe v. Bailey*, 860 F.3d 287, 291, 294-95 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 687 (Jan. 8, 2018) (No. 17-693); *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).  Accordingly, we affirm the denial of Perales's second postjudgment motion.

No. 18-20010

DISMISSED IN PART and AFFIRMED IN PART.