Andres Felipe Lopez **PATINO,**
Plaintiff,

v.

Michael **CHERTOFF** et
al., **Defendants.**

No. 08 Civ 8616.

United States District Court,
S.D. New York.

Jan. 22, 2009.

Natasha Oeltjen, U.S. Attorney's Office, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Andres Felipe Lopez Patino ("Patino") filed the complaint in this action, dated September 19, 2008, (the "Complaint") in the Eastern District of New York asking the court to enjoin defendants Michael Chertoff, Jonathan Scharfen, Robert P. Wiermann, Edward A. Newman, Julie L. Myers, James T. Hayes and Michael T. Phillips (collectively, the "Defendants") from initiating or maintaining removal proceedings against Patino and asking the court to declare Patino eligible to receive a certificate of citizenship. On September 29, 2008, Judge John Gleeson issued an Order directing the United States Attorney, counsel for Defendants, to show cause why the relief sought in the Complaint should not be granted. The action was subsequently transferred to the Southern District of New York. Defendants submitted a letter, dated November 21, 2008 ("Defendants' Motion"), to this Court asking that the relief requested in the Complaint be denied and seeking the dismissal of the Complaint for lack of subject matter jurisdiction. Patino failed to respond to Defendants' Motion. For the reasons stated below, Defendants' Mo-

tion to dismiss the Complaint is GRANT-
ED.

## I.  *BACKGROUND* [1]

Patino was born in Columbia on March
24, 1984.  He came to the United States
with his parents on February 5, 1993 as a
lawful permanent resident.  After his par-
ents divorced, he lived with his mother,
who had legal custody of him.  Patino's
mother applied for naturalization on
March 26, 2001.  She was interviewed by
United States Citizenship and Immigration
Services ("USCIS") in or about February
2002, passed her naturalization exam and
was sworn in as a citizen on May 1, 2002.

Patino was convicted of Assault in the
Second Degree in New York state court on
January 29, 2007.  He was imprisoned in
Wyoming Correctional Facility ("Wyo-
ming") in Attica, New York. On April 21,
2008, United States Immigration and Cus-
toms Enforcement ("ICE") sent Wyoming
an Immigration Detainer—Notice of Ac-
tion, informing them that Patino had been
declared subject to removal.  Wyoming
placed Patino on detainer status on May 6,
2008.

Patino filed an Application for Certifi-
cate of Citizenship on June 17, 2008.  US-
CIS denied this application on June 19,
2008.  Patino appealed this denial to the
USCIS Administrative Appeals Office but
his appeal was dismissed on August 8,
2008.

In September 2008, Patino filed the
Complaint in this action seeking to enjoin
ICE from initiating removal proceedings
against him and seeking a declaration that
he is eligible to receive a certificate of
citizenship.  On October 8, 2008, ICE initi-
ated removal proceedings and took custody
of Patino in Batavia, New York.

1.  This factual summary is derived from the

## II.  *DISCUSSION*

### A.  *LEGAL STANDARD*

■ "A plaintiff asserting subject mat-
ter jurisdiction has the burden of proving
by a preponderance of the evidence that it
exists."  *Makarova v. United States,* 201
F.3d 110, 113 (2d Cir.2000);  *see also Rob-
inson v. Overseas Military Sales Corp.,* 21
F.3d 502, 507 (2d Cir.1994).  "When con-
sidering a motion to dismiss for lack of
subject matter jurisdiction ... a court
must accept as true all material factual
allegations in the complaint;" however, "ju-
risdiction must be shown affirmatively, and
that showing is not made by drawing from
the pleadings inferences favorable to the
party asserting it."  *Shipping Fin. Servs.
Corp. v. Drakos,* 140 F.3d 129, 131 (2d
Cir.1998) (citations omitted).

The Defendants allege that this Court
does not have the subject matter jurisdic-
tion to entertain Patino's requests for re-
lief.  Lack of subject matter jurisdiction
may be raised in a motion to dismiss pur-
suant to Federal Rule of Civil Procedure
12(b)(1) ("Rule 12(b)(1)").  Challenges to
subject matter jurisdiction under Rule
12(b) (1) may contest either the facial suffi-
ciency of the pleadings in the complaint or
the existence of subject matter jurisdiction
in fact.  *See Dow Jones & Co. v. Harrods,
Ltd.,* 237 F.Supp.2d 394, 404 (S.D.N.Y.
2002).  "In a facial challenge, the court
accepts as true the uncontroverted factual
allegations in the complaint."  *Id.*

### B.  *APPLICATION*

Under Section 237(a)(2)(A)(iii) of the Im-
migration and Naturalization Act ("INA"),
lawful permanent residents like Patino
who are convicted of an aggravated felony
are subject to removal proceedings.  *See* 8
U.S.C. 1227(a)(2)(A)(iii).  Patino seeks to

Complaint and Defendants' Motion.

enjoin the initiation of removal proceedings against him and asks the Court for a declaration that he is entitled to a certificate of citizenship. INA Section 320 provides that a child who was born outside of the United States becomes a citizen automatically when (1) at least one parent is a citizen of the United States; (2) the child is under 18–years–old; and (3) the child resides in the United States and is in the legal and physical custody of the citizen parent. *See* 8 U.S.C. § 1431. Patino argues that the USCIS incorrectly and unlawfully denied his application for citizenship on the ground that he was thirty-seven days over the age of eighteen when his mother was naturalized. He asserts that under the recent decision in *Poole v. Mukasey*, 522 F.3d 259 (2d Cir.2008), his application should not have been denied because his mother applied for naturalization before he turned eighteen, and she was not yet a citizen on his eighteenth birthday because of the Government's unexplained delay in processing his mother's application. Defendants' Motion urges the Court to find that, on the face of the Complaint, the Court lacks subject matter jurisdiction over both Patino's request for injunctive relief as well as his request for declaratory relief.

### 1. *Injunctive Relief*

At the time Patino filed the Complaint, removal proceedings against him were imminent but had not yet been initiated. He sought to enjoin the Defendants from bringing these proceedings. The INA explicitly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings." 8 U.S.C. § 1252(g). There is an exception for cases involving "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D). However, that exception confers jurisdiction over those claims to the courts of appeals and only after an alien has exhausted administrative remedies. *See, e.g., Ajlani v. Chertoff,* 545 F.3d 229, 235 (2d Cir.2008) (*citing* 8 U.S.C. § 1252(a)(2)(D), (a)(5), (b)(4), (d)). While the Supreme Court has suggested that these procedural considerations may be overlooked in "rare" cases alleging "outrageous" discrimination, Patino's allegations do not rise to that level. *See Reno v. American–Arab Comm.,* 525 U.S. 471, 491, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). Therefore, the Court finds that it lacks the jurisdiction to entertain Patino's claim for injunctive relief.

### 2. *Declaratory Relief*

An alien may obtain judicial review of his claim of derivative citizenship in two ways: by raising it during the course of removal proceedings or by appealing the final administrative denial of the alien's application for a certificate of citizenship. *See, e.g., Hutchinson v. Mukasey,* No. 07 Civ. 10716, 2007 WL 4323006, at *2 (S.D.N.Y. Dec. 10, 2007) (*citing* 8 U.S.C. § 1252(b), § 1503(a)). An alien may obtain district court review of the final denial of his application for a certificate of citizenship pursuant to 8 U.S.C. § 1503(a) by filing a declaratory judgment action for a judgment declaring him a national. However, the statute does not allow these actions to be brought where "the issue of such person's status as a national of the United States ... arose by reason of, or in connection with any removal proceedings." 8 U.S.C. § 1503(a).

At the time Patino filed the Complaint, he was not the subject of removal proceedings but removal proceedings have since been initiated against him. The Complaint clearly states that the action was filed in anticipation of impendent re-

moval proceedings against Patino. (Complaint at ¶ 3.) As discussed above, Patino asks the Court to enjoin the Defendants from initiating such proceedings. At the time he filed this action, ICE had already informed Patino that he would be taken into immigration custody upon his release from Wyoming. (*Id.*) The Court finds that it does not have jurisdiction over Patino's request for declaratory relief because the claim arose in connection with Patino's anticipated removal proceedings. *See* 8 U.S.C. 1503(a).[2]

Although removal proceedings had not been initiated when Patino filed the Complaint, the Court, as discussed above, does not have the power to enjoin those proceedings and they are currently under way. Therefore, the Court finds that the removal proceedings are now the most appropriate forum for Patino to assert his derivative citizenship claim. If Patino does not prevail on his claim in the removal proceedings, he may seek review of the immigration court's decision pursuant to 8 U.S.C. § 1252(b). *See Hutchinson,* 2007 WL 4323006, at *2.

### III.  *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court enter judgment dismissing the complaint in this action with prejudice and to withdraw any pending motions and close the case.

**SO ORDERED.**

---

**2.** Because the Court finds that it does not have jurisdiction to hear this case, it does not address Defendants' argument that the Court does not have the authority to declare Patino a citizen.