# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-70039

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2015

Lyle W. Cayce
Clerk

LOUIS CASTRO PEREZ,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:

In this 28 U.S.C. § 2254 death penalty case, Perez appeals the March 27, 2012, dismissal ("March 2012 Judgment") of his habeas petition and application for a Certificate of Appealability ("COA"). Although Perez failed to file a notice of appeal within 30 days of the judgment as required by Federal Rule of Appellate Procedure ("FRAP") 4(a)(1), in its most recent ruling in this case, the district court reopened the time to appeal pursuant to FRAP 4(a)(6), and Perez filed an appeal of the March 2012 Judgment following that order. In Perez's previous appeal of the same ruling, we held, in part, that FRAP 4(a)(6) relief was not viable and dismissed Perez's appeal without remanding

No. 14-70039

to the district court. *Perez v. Stephens*, 745 F.3d 174 (5th Cir.) [hereinafter "*Perez I*"],[1] *cert. denied*, 135 S. Ct. 401 (2014). The district court's order reopening the time to appeal thus conflicts with this court's earlier opinion and is barred by the mandate rule. Additionally, it reflects a misapplication of FRAP 4(a)(6). Accordingly, we DISMISS this appeal for lack of jurisdiction.

## I. Background

A Texas jury convicted Perez of capital murder and sentenced him to death. *Perez I*, 745 F.3d at 175. The Texas Court of Criminal Appeals affirmed his sentence on direct appeal and denied his habeas petition. *Id.* at 176. After exhausting his state court remedies, Perez filed a habeas petition in federal court pursuant to 28 U.S.C. § 2254. The district court denied Perez habeas relief and declined to grant a COA. The judgment denying the writ of habeas corpus and a COA was entered on March 27, 2012, meaning Perez had until April 26, 2012, to file his appeal. *See* FRAP 4(a)(1)(A).

Perez's attorney, Sadaf Khan, received notice of the judgment, but decided not to appeal after concluding that an appeal was not in her client's best interest. Khan informed neither Perez nor the consulting attorney, Richard Burr, of the judgment, nor did she consult Perez on whether to file an appeal. Burr only learned of Khan's failure to appeal after the deadline to timely appeal had passed. After Burr informed Khan that death penalty litigants should exhaust all appeals as a matter of course, Khan filed a motion on June 25, 2012, to reopen the time to appeal pursuant to FRAP 4(a)(6). The district court entered an order denying Khan's motion on July 3, 2012, (the "July 2012 Order") reasoning that Khan had received notice of the judgment when it was entered. *See* FRAP 4(a)(6) (providing that the court may only

---

[1] "Perez" refers to the petitioner, while "*Perez I*" will denote this court's previous decision.

No. 14-70039

reopen the time to appeal if, inter alia, the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)).  The district court also noted that Khan missed the deadline to file a FRAP 4(a)(5) motion.  Khan did not appeal the district court's order.

Perez then obtained new counsel who filed FRAP 4(a)(5) and 4(a)(6) motions, as well as a motion under Federal Rule of Civil Procedure ("Civil Rule") 60(b)(6), on August 29, 2012 (collectively, "August 29 Motions").  The district court concluded that Khan had abandoned Perez and granted his Civil Rule 60(b) motion.  The court directed the clerk to reenter the March 2012 Judgment denying habeas relief so that Perez could timely appeal.  The March 2012 Judgment was reentered on December 18, 2012 ("December 2012 Order").  While the district court dismissed Perez's FRAP 4(a)(5) and FRAP 4(a)(6) motions, it held in the alternative that it would have granted relief under FRAP 4(a)(6) if it had not entered judgment under Civil Rule 60(b).  Perez filed an appeal that would be timely as to the reentered March 2012 Judgment, and the Director timely appealed the grant of Perez's August 29 Motion for Civil Rule 60(b) relief.  In that appeal, the Director also filed a motion to dismiss for want of jurisdiction with this court on the grounds that Perez could not render his appeal timely through either Civil Rule 60(b) or FRAP 4(a)(6).

*Perez I* consolidated both appeals and held that the district court may not allow an otherwise untimely appeal by using Civil Rule 60(b) to reenter a judgment solely to make the appeal timely.  745 F.3d at 181.  Because the December 2012 Order reopening the time to appeal was invalid, Perez's appeal of the March 2012 Judgment was untimely.  *Id.*

Similarly, we held that FRAP 4(a)(6) did not provide Perez with an alternative avenue for filing a timely notice of appeal.  *Id.* at 177 n.4.  Perez did not appeal the district court's July 2012 Order or December 2012 Order denying his FRAP 4(a)(6) motions.  Nevertheless, the December 2012 Order

held in the alternative that FRAP 4(a)(6) was a viable means of relief, while William Stephens, the Director of the Texas Department of Criminal Justice ("the Director"), argued in his motion to dismiss for want of jurisdiction that it was not. In light of this dispute *Perez I* explained:

> The district court ruled in the alternative that it would have granted the Appellate Rule 4(a)(6) motion, despite its earlier conclusion that this rule did not apply because Khan received timely notice. Perez does not argue that Appellate Rule 4(a)(6) would provide an alternate basis to find his appeal timely. This rule does not cover an attorney's decisions that lead to an untimely appeal. *See Resendiz v. Dretke,* 452 F.3d 356 (5th Cir. 2006). Even if Appellate Rule 4(a)(6) were an available source of relief in a case such as this one, as suggested by the dissenting opinion, it permits only a fourteen-day reopening of the time for appeal. This appeal was filed twenty-eight days after the district court's Civil Rule 60(b)(6) order. Thus, Appellate Rule 4(a)(6) does not aid Perez here.

745 F.3d at 177 n.4. The court vacated the December 2012 Order granting Civil Rule 60(b) relief, "leaving the March 2012 judgment as the 'live' judgment as to which Perez's appeal is, admittedly, untimely." *Id.* at 181. Because neither Civil Rule 60(b) nor FRAP 4(a)(6) rendered Perez's appeal timely, the court "GRANT[ED] the Director's motion to dismiss . . . Perez's appeal, for want of jurisdiction." *Id. Perez I* did not remand to the district court, nor did it purport to vacate or reverse the district court's dismissal of Perez's August 29 Motions for FRAP 4(a)(5) and 4(a)(6) relief.

After this court's disposition of Perez and the Director's appeals and the Supreme Court's denial of certiorari, Perez filed a letter with the district court "Re-urging . . . Pending Motions to Reopen or Extend the Time to File Notice of Appeal." The letter requested that the court grant Perez's August 29 Motions for relief under FRAP 4(a)(5) and 4(a)(6), the two alternative bases the district court had previously considered and dismissed in its December 2012 Order. Perez reasoned that this court's vacatur of the district court's Civil Rule

4

No. 14-70039

60(b) judgment also vacated the district court's dismissal of both motions. Therefore, he argued that both motions remained pending before the district court. The district court seemingly agreed with this contention, and reopened the time to appeal pursuant to FRAP 4(a)(6) on the grounds that Khan, who had received notice of the denial of habeas relief, had abandoned Perez and thus Perez was not on notice of the March 2012 Judgment. The district court's order was entered on December 11, 2014 (the "December 2014 Order"), and Perez then appealed the March 2012 Judgment denying habeas relief and denying a COA, as well as all other adverse orders. In this second round of appeals, the Director did not appeal the district court's reopening of the time to appeal under FRAP 4(a)(6).

The court requested letter briefs from each party addressing this court's jurisdiction to consider this appeal. In response, the parties filed letters addressing whether the district court's December 2014 Order violated the mandate rule and whether the district court lacked the power to grant an extension of the time to appeal the March 2012 Judgment.

## II. Discussion

Before addressing why the district court's December 2014 Order reopening the time to appeal under FRAP 4(a)(6) violated *Perez I*'s mandate, we must dispense with Perez's argument that the Director's failure to appeal the district court's FRAP 4(a)(6) Order renders it unreviewable on appeal. Relying on *Amantangelo v. Borough of Donora*, 212 F.3d 776, 778–80 (3d Cir. 2000), Perez argues that the Director's failure to appeal the district court's FRAP 4(a)(6) Order effectively forfeits any jurisdictional concerns stemming from the Order.

It is axiomatic that we must consider the basis of our own jurisdiction, sua sponte if necessary. *Wilkens v. Johnson*, 238 F.3d 328, 329–30 (5th Cir. 2001). Jurisdiction cannot be waived or created by consent of the parties, *id.*

5

at 330, and "[a] timely filed notice of appeal is a jurisdictional prerequisite to [appellate] review," *Dison v. Whitey*, 20 F.3d 185, 187 (5th Cir. 1994).  Perez filed his notice of appeal pursuant to the December 2014 Order reopening the time to appeal under FRAP 4(a)(6).  In such circumstances, this court considers it necessary to review the propriety of the underlying order to ascertain whether we have jurisdiction.  *See Wilkens*, 238 F.3d at 330 (holding that an improperly granted FRAP 4(a)(6) motion did not provide appellate jurisdiction even though the nonmoving party attempted to concede jurisdiction).  Thus, Perez's argument to the contrary is unavailing.

The question, then, is whether we have jurisdiction to consider Perez's appeal of the March 2012 Order.  Because we find that the district court's December 2014 Order reopening the time to appeal violates this court's mandate in *Perez I*, we must dismiss this appeal for want of jurisdiction.

Under law-of-the-case doctrine, "the district court on remand, or the appellate court on a subsequent appeal, abstains from reexamining an issue of fact or law that has already been decided on appeal."  *United States v. Teel*, 691 F.3d 578, 582 (5th Cir. 2012).  A corollary of the law-of-the-case doctrine is the mandate rule, which "requires a district court on remand to effect [the court's] mandate and to do nothing else." *Gen Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2004) (citation and internal quotation marks omitted).  "A district court on remand 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).  "Whether the law of the case doctrine foreclose[s] the district court's exercise of discretion on remand and the interpretation of the scope of this court's remand order present questions of law that this court reviews *de novo*."

*United States v. Hamilton*, 440 F.3d 693, 697 (5th Cir. 2006) (citation and internal quotation marks omitted).

To determine whether the December 2014 Order violated the mandate rule, we must assess the scope of *Perez I*'s mandate. As stated above, this court has a duty to examine the basis of its own jurisdiction. *See Wilkens*, 238 F.3d at 329–30. In *Perez I*, we fulfilled that responsibility primarily by addressing whether the district court's grant of Civil Rule 60(b) relief afforded Perez with the opportunity to timely appeal the March 2012 Order dismissing his habeas petition. However, an alternative method of procuring jurisdiction was also presented to the court. The December 2012 Order held, in the alternative, that FRAP 4(a)(6) was a viable method of allowing Perez to timely appeal. The Director disagreed and filed a motion to dismiss for want of jurisdiction with this court, arguing that neither Civil Rule 60(b) *nor* FRAP 4(a)(6) were permissible bases of establishing jurisdiction. As required, we evaluated whether either motion provided Perez with a timely basis for appealing.

Both our holding in *Perez I* and our instructions to the district court unambiguously rejected the December 2012 Order's alternate holding that FRAP 4(a)(6) was a permissible method of attaining jurisdiction. 745 F.3d at 177 n.4. *Perez I* stated that Perez could not reopen the time to appeal under FRAP 4(a)(6) because the "rule does not cover an attorney's decisions that lead to an untimely appeal," and that "Appellate Rule 4(a)(6) does not aid Perez here." 745 F.3d at 177 n.4 (citing *Resendiz*, 452 F.3d at 356). The district court exceeded its authority when it subsequently issued its December 2014 Order coming to the opposite conclusion. *See McCrimmon*, 443 F.3d at 459 (the district court "may not disregard the explicit directives of [this] court").

Perez implicitly argues that his failure to appeal the district court's denial of FRAP 4(a)(6) relief renders our statement in *Perez I* dictum and therefore not law of the case. *See Pegues v. Morehouse Parish Sch. Bd.*, 706

F.2d 735, 738 (5th Cir. 1983). Obiter dictum is defined as "[a] judicial comment . . . that is unnecessary to the decision in the case and therefore not precedential." BLACK'S LAW DICTIONARY 1240 (10th ed. 2014). In light of this court's obligation to assess its jurisdiction, an evaluation of whether FRAP 4(a)(6) provided such jurisdiction is anything but "unnecessary." Both the district court's December 2012 Order, which asserted that FRAP 4(a)(6) relief was available, and the motion to dismiss filed with this court contemplated that FRAP 4(a)(6) might be a basis to establish jurisdiction. *Perez I* necessarily assessed and dismissed this argument and then granted the Director's motion to dismiss for want of jurisdiction. 745 F.3d at 177 n.4, 181. Instead of being dictum, the disputed language from *Perez I* is more accurately characterized as ruling upon an alternative basis for appellate jurisdiction. *See generally Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir. 1991) ("This circuit follows the rule that alternative holdings are binding precedent and not *obiter dictum*.").

That the district court exceeded the scope of *Perez I*'s mandate is bolstered by our disposition of the case. We addressed all avenues of potential relief Perez possessed and rejected each in turn. *Perez I* vacated the district court's December 2012 Order, reinstated the March 27 Judgment from which a FRAP 4(a)(6) motion would have been untimely, dismissed Perez's appeal as untimely, and *did not remand to the district court*. Moreover, *Perez I* did not purport to vacate either the district court's December 2012 Order or July 2012 Order denying FRAP 4(a)(6) relief. *See id.* at 181 ("VACAT[ING] the order granting *Civil Rule 60(b)(6)* relief." (emphasis added)). The totality of these actions clearly manifested an intent to dispense with the case. Quite simply, there was nothing left for the district court to do. While one could argue that the failure to remand likely does not deprive the district court of jurisdiction, *see United States v. Dozier*, 707 F.2d 862, 864 (5th Cir. 1983), the district

court's December 2014 Order still failed to heed *Perez I. See McCrimmon*, 443 F.3d at 459 ("A district court on remand must implement both the letter and the spirit of the appellate court's mandate . . . .") (citation and internal quotation marks omitted)).[2]

Finally, Perez's repeated failure to raise the FRAP 4(a)(6) issue is also dispositive. The mandate rule "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quotation marks omitted). Indeed, it is well-established that the failure to timely raise an issue forfeits that argument. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

This appeal is not the second, but the third attempt by Perez to extend the time to appeal under FRAP 4(a)(6). Despite raising this issue twice before the district court, Perez did not appeal or address either the July 2012 Order denying the relief or the December 2012 Order dismissing FRAP 4(a)(6) relief, including the fact that the latter Order stated that the Rule might provide an alternative method of filing a timely notice of appeal, except to assert that he was *not* relying on FRAP 4(a)(6). Perez had yet another opportunity to address this issue in *Perez I* in response to the Director's motion to dismiss for want of jurisdiction, but again failed to do so. *See* 745 F.3d at 177 n.4 ("Perez does not argue that Appellate Rule 4(a)(6) would provide an alternate basis to find his appeal timely."). This neglect is particularly unjustifiable given that the

---

[2] We typically hold that a district court exceeds the "spirit" of a mandate when we have remanded for a limited purpose but the district court proceeds to consider extraneous issues. *See United States v. Matthews*, 312 F.3d 652, 658 (5th Cir. 2002). This same principle applies by analogy here. *Perez I* took a multitude of actions that are inconsistent with the district court's subsequent decision to reopen the time to appeal under FRAP 4(a)(6). If remanding with limited instructions precludes a district court from considering extraneous issues on remand, then logic suggests that this court addressing the availability of FRAP 4(a)(6) relief and *not remanding at all* similarly deprives the district court.

Director's motion to dismiss explicitly placed this issue before the court. *See Lee*, 358 F.3d at 324 (noting that an issue may be waived if there was a reason to raise it in the initial appeal).[3]

The dissenting opinion argues that Perez, as the appellee in *Perez I*, is subject to a more lenient standard and as such his neglect is excusable. *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010). The argument is predicated on the premise that "avoiding piecemeal litigation and conserving judicial resources are less implicated when the party against whom waiver is asserted is the appellee." *Shell Offshore, Inc. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 122 F.3d 312, 317 (5th Cir. 1997) (citation, alterations, and internal quotation marks omitted). While an appellee's failure to brief an issue may not always raise concerns about judicial economy, Perez's repeated neglect—and the district court's willingness to revive issues that have already been resolved— demonstrate why such concerns are relevant here.

Moreover, the basis for the policy choice applying a more lenient standard to appellees is that, by definition, appellees are unable to choose which issues will be appealed and are unable to file reply briefs. *See Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 954 (Fed. Cir. 1997) (relied upon by this court in *Shell Offshore, Inc.*, 122 F.3d at 317). Those concerns are inapposite here. Questions of appellate jurisdiction are always assessed by this court, so Perez was on notice of this court's inquiry and was not disadvantaged by being the appellee. Furthermore, the Director raised the propriety of the FRAP

---

[3] The dissenting opinion suggests there would be no reason to appeal the Rule 4(a)(6) determination, given that the district court stated it would grant this relief and granted Perez Rule 60(b) relief. This argument would not explain Perez's lack of response to the motion to dismiss or his affirmative statement that he was not relying on 4(a)(6). Additionally, it supports our conclusion that this alternative basis for relief was before us in *Perez I* and decided against Perez.

No. 14-70039

4(a)(6) motion in his motion to dismiss for want of jurisdiction—which means Perez had an additional opportunity, usually unavailable to appellees, to address appellant's arguments.

Finally, even if we were to determine that the FRAP 4(a)(6) issue was not precluded by the ruling and events of *Perez I*, we conclude that FRAP 4(a)(6) relief is unavailable in a situation such as this one. FRAP 4(a)(6) provides that "a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if (1) a party did not receive notice of the entry of the judgment under Federal Rule of Civil Procedure 77(d) within 21 days after entry,[4] and (2) the FRAP 4(a)(6) motion "is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . whichever is earlier." Civil Rule 77(d), in turn, requires notice of judgment to be given under Federal Rule of Civil Procedure 5(b), which mandates service on a party's attorney if the party is represented by counsel. It is undisputed that the clerk complied with Civil Rule 77(d) and that Khan, Perez's attorney, received notice. Thus, FRAP 4(a)(6) is unavailable here, as the district court originally ruled.

While this fact would ordinarily foreclose the availability of relief under FRAP 4(a)(6), Perez and the dissenting opinion maintain that an exception to this rule is warranted because Khan "abandoned" him. Although notice received by an attorney is imputed to the client, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993), Perez argues that this principle should not apply when an attorney has abandoned his client. *See Maples v. Thomas*, 132 S. Ct. 912, 917 (2012). This argument has several defects. First, we have previously held that the failure by an attorney to tell

---

[4] On December 1, 2005, FRAP 4(a)(6) was amended such that "only formal service pursuant to Federal Rules of Civil Procedure 77(d) and 5(b) constitutes notice." *Resendiz*, 452 F.3d at 358 n.3.

her client of a civil judgment in time to file an appeal is not "abandonment." *Resendiz*, 452 F.3d at 362 (declining to "reach the question of whether notice may be imputed to a party who . . . is abandoned by counsel" because attorney negligence does not constitute abandonment).

In *Resendiz*, 452 F.3d at 358, a habeas petitioner's counsel received notice of the entry of judgment against his client but failed to inform his client of the judgment for two months, at which point the client sought to appeal. After the district court denied his appeal as untimely, the petitioner appealed to this court, arguing that notice of the judgment should not be imputed to him "because counsel abandoned him, failing to either timely inform him of the judgment or to file a notice of appeal." *Id.* at 358–59. The court concluded that counsel's actions amounted to mere negligence and not attorney abandonment. It observed that:

> counsel filed a federal habeas petition on [petitioner's] behalf and, after meeting with [petitioner], moved, albeit untimely, to reopen the period for filing a notice of appeal. If counsel's failure to file a timely notice of appeal constitutes abandonment, then [petitioner's] argument would allow an end run around the requirements set forth in Rule 4(a)(6). Stated another way, the proposed exception would swallow the rule.

*Id.* at 362.

Khan's actions do not materially differ from the actions of the negligent counsel in *Resendiz*. Like the attorney in *Resendiz*, Khan received notice of an adverse judgment, failed to inform her client, and consequently failed to timely appeal (although in her case, she made the decision not to appeal based upon strategic considerations, which seems even less likely to be "abandonment," *see Perez I*, 745 F.3d at 177 n.5). Perez, like the petitioner in *Resendiz*, cannot use his attorney's failure to inform him as a basis to reopen the time to appeal under FRAP 4(a)(6). *Perez I*, 745 F.3d at 177 n.4.

No. 14-70039

Further, this argument runs squarely against Supreme Court precedent holding that we are not at liberty to grant exceptions pursuant to 28 U.S.C. § 2107, which is "carrie[d] into practice" by FRAP 4. *See Bowles v. Russell*, 551 U.S. 205, 208, 214 (2007) (specifically noting that FRAP 4(a)(6) is grounded in § 2107(c)). "[T]he timely filing of a notice of a notice of appeal is a jurisdictional requirement" and "this Court has no authority to create equitable exceptions to jurisdictional requirements." *Id. Bowles* expressly addressed FRAP 4(a)(6). By contrast, the "equitable exceptions" crafted by the Court in other cases were directed to non-jurisdictional rules. *See Maples*, 132 S. Ct. at 920–22 (2012) (concerning whether default on a state procedural rule necessarily bars the bringing of a habeas claim to federal court); *Holland v. Florida*, 560 U.S. 631, 645 (2010) (concerning AEDPA's statute of limitations). Thus, even if we concluded that Khan abandoned Perez, which we do not, under *Bowles*, the jurisdictional nature of these statutory requirements precludes us from reopening the time to appeal under FRAP 4(a)(6) because its terms are not met here, i.e., notice of the judgment was properly given by the clerk and received by Perez's lawyer.

## III. Conclusion

There are multiple avenues that arrive at the same conclusion—this appeal should be dismissed. The mandate rule barred relitigation of Perez's FRAP 4(a)(6) claim. The district court erred by exceeding the scope of *Perez I*'s mandate, and Perez erred by not raising his FRAP 4(a)(6) argument in a timely fashion. Under any of these circumstances, the district court's December 2014 Order reopening the time to appeal was invalid. Even if the mandate rule did not bar relitigation of Perez's 4(a)(6) claim, the Rule's terms were not met, so no such relief is available here. Accordingly, we again DISMISS Perez's appeal for want of jurisdiction.

No. 14-70039

JAMES L. DENNIS, Circuit Judge, dissenting:

The majority correctly notes that obiter dictum is not the law of the case, but incorrectly concludes that the *Perez I* majority's discussion of FRAP 4(a)(6) was not dictum. Next, the majority mistakenly concludes that Perez waived the FRAP 4(a)(6) issue by failing to raise it in the prior appeal. Lastly, the majority erroneously holds that the district court's grant of FRAP 4(a)(6) relief was improper on the merits. Because I would hold that the district court did not abuse its discretion by granting Perez's FRAP 4(a)(6) motion, I respectfully dissent.

First, the majority opinion in *Perez I* did not include a holding as to FRAP 4(a)(6)—any mention of FRAP 4(a)(6) was dictum and therefore not the law of the case. *See Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 351 n.12 (2005) ("Dictum settles nothing, even in the court that utters it."); *Pegues v. Morehouse Parish Sch. Bd.*, 706 F.2d 735, 738 (5th Cir. 1983) (stating that obiter dictum is not law of the case). The district court's December 2012 Order, which was the subject of the prior appeal in *Perez I*, dismissed[1] Perez's FRAP 4(a)(5) motion for extension of time and his 4(a)(6) motion to reopen the time to file an appeal, but granted Perez's Civil Rule 60(b)(6) motion for relief from judgment. The district court then vacated and reentered its earlier judgment denying Perez habeas relief. In a footnote, the district court stated that if it had not granted Perez's Civil Rule 60(b)(6) motion, it would have granted his FRAP 4(a)(6) motion. The Director appealed the district court's Civil Rule 60(b)(6) ruling and Perez, as appellee, argued that the court's ruling was correct. Perez did not argue in the alternative that the time to file an appeal

---

[1] In the district court's place, I would have termed these motions "denied as moot," rather than "dismissed," but I do not believe that this difference in nomenclature is dispositive.

14

should have been reopened under FRAP 4(a)(6).  The *Perez I* majority concluded that Perez's Civil Rule 60(b)(6) motion was improperly granted and also mentioned in a footnote that FRAP 4(a)(6) would not have aided Perez. *Perez v. Stephens*, 745 F.3d 174, 177 n.4 (5th Cir. 2014).  In the instant appeal, the majority concludes that that footnote was a holding and therefore binding on the district court.  In my view, it was not.

Obiter dictum is "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential."  BLACK'S LAW DICTIONARY 1240 (10th ed. 2014); *see also Bohannan v. Doe*, 527 F. App'x 283, 300 (5th Cir. 2013) ("[D]icta involves the consideration of abstract and hypothetical situations not before the court." (internal quotation marks and alterations omitted)).  The issue before the *Perez I* panel was whether the district court had properly vacated its own earlier judgment of March 2012 under Civil Rule 60(b)(6).  *See* 745 F.3d at 177. Perez did not challenge the district court's dismissal of his FRAP 4(a)(6) motion on appeal, so that issue was not before the panel.  *See id.* at 177 n.4.  Any comments the *Perez I* panel made as to the merits of a hypothetical FRAP 4(a)(6) argument were nonbinding and not the law of the case.  *See Pegues*, 706 F.2d at 738.

To arrive at its conclusion that the FRAP 4(a)(6) issue was properly before the *Perez I* panel, the majority concludes that the district court's December 2012 Order included an "alternate holding" that Perez was entitled to FRAP 4(a)(6) relief.  The district court's holding as to FRAP 4(a)(6), however, was to *dismiss* Perez's motion for relief under FRAP 4(a)(6).  The majority, therefore, reaches the paradoxical conclusion that the district court's December 2012 Order both held that Perez was entitled to FRAP 4(a)(6) relief *and* denied him such relief.  The district court did not maintain these

contradictory holdings.  Instead, the district court granted Perez's motion to vacate judgment under Civil Rule 60(b)(6), dismissed Perez's alternative motions under FRAP 4(a)(5) and 4(a)(6), vacated the March 2012 Judgment, and entered a new judgment.  Perez did not challenge the dismissal of his FRAP 4(a) motions.[2]  Only the vacatur of the March 2012 Judgment was before the *Perez I* panel on appeal.  The *Perez I* majority's superfluous discussion of FRAP 4(a)(6) therefore did not tie the district court's hands.[3]  *See Pegues*, 706 F.2d at 738.

Second, the majority concludes that Perez forfeited his FRAP 4(a)(6) argument by failing to raise it before the *Perez I* panel and, because of the forfeiture, the district court could not grant FRAP 4(a)(6) relief now.  For purposes of the FRAP 4(a)(6) issue, Perez was the appellee in *Perez I.*  "[W]hen the derelict party is the appellee, who may rely on a favorable ruling by the trial court, it makes sense to construe the 'rule' of forfeiture more leniently." *Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010); *see also Shell Offshore, Inc. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 122 F.3d 312, 317 (5th Cir. 1997) (concluding

---

[2] I do not suggest that Perez had no reason to appeal the dismissal of his FRAP 4(a)(6) motion merely because the district court stated that it would have granted that motion.  Perez had no need to appeal the FRAP 4(a)(6) dismissal because he had succeeded under Civil Rule 60(b)(6).

[3] The majority also suggests that the FRAP 4(a)(6) issue was properly before the *Perez I* panel because this court has an obligation to assess its own jurisdiction.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  FRAP 4(a)(6) could not have been an alternative source of appellate jurisdiction, however, because the district court vacated the March 2012 Judgment.  FRAP 4(a)(6) can extend the time to file a notice of appeal from a judgment, but the March 2012 Judgment—the predicate judgment to which FRAP 4(a)(6) would have applied—had already been vacated.  The district court could not simultaneously vacate a judgment and also extend the time to file a notice of appeal from that vacated judgment.  As a result, irrespective of all merits arguments, FRAP 4(a)(6) could not have supplied an alternative source of jurisdiction (and Perez did not argue that it did).

that issue was not forfeited despite appellee's failure to address it in its brief). Moreover, the forfeiture rule is not an absolute or jurisdictional bar to considering issues that were not briefed; it is "a prudential construct that requires the exercise of discretion." *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001). We should not conclude that Perez forfeited his FRAP 4(a)(6) argument.

Last, the majority holds that the district court was wrong to grant Perez's FRAP 4(a)(6) motion, even if the *Perez I* mandate did not otherwise settle the issue. FRAP 4(a)(6) allows a district court to reopen the time to file a notice of appeal if the court finds that the moving party did not receive notice of entry of judgment. The district court determined that although Khan, Perez's trial attorney, had received notice of the entry of judgment, that notice could not be imputed to Perez because Khan had abandoned him. *See Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) ("[U]nder agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him."). The district court's conclusion was not an abuse of discretion. *See In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) (noting that a district court's denial of a FRAP 4(a)(6) motion is reviewed for abuse of discretion).

The majority relies heavily on *Resendiz v. Dretke*, 452 F.3d 356 (5th Cir. 2006), in which we stated that an attorney's failure to file a timely notice of appeal did not constitute abandonment. *Id.* at 362. Because we determined that Resendiz had not been abandoned by counsel, we did "not reach the question of whether notice may be imputed to a party who, though technically represented, is abandoned by counsel." *Id.* *Resendiz*, however, was decided before the Supreme Court's decision in *Maples*, which is indispensable to our current understanding of attorney abandonment. *See Maples*, 132 S. Ct. at 922-28. More importantly, Perez's attorney did more than just negligently

17

miss a filing deadline.  As I said in my dissent in *Perez I*, "Khan's unilateral decision not to notify Burr or Perez of the district court's judgment and not to pursue an appeal therefrom was an egregious breach of the duties an attorney owes her client and thus constitutes abandonment, not mere negligence for which Perez would ordinarily be responsible."  745 F.3d at 187.  Khan's misconduct was so significant that it rose to the level of constructive abandonment.  *See Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012) ("[G]ross negligence by an attorney, defined as neglect so gross that it is inexcusable, vitiates the agency relationship that underlies our general policy of attributing to the client the acts of his attorney." (internal quotation marks and alterations omitted)).  The district court thus did not abuse its discretion when it concluded that Khan had abandoned Perez and that the abandonment justified reopening Perez's window to file a notice of appeal under FRAP 4(a)(6).[4]

Because the district court did not abuse its discretion in granting Perez's motion to reopen the time to file an appeal, and because Perez timely filed his notice of appeal within the window that the district court created, we have jurisdiction to hear this appeal.  I therefore respectfully dissent from the majority's opinion.

---

[4] The district court's decision does not run afoul of the rule that a court may not "create equitable exceptions to jurisdictional requirements." *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).  In *Bowles*, the Supreme Court held that a party could not use the equitable "unique circumstances" doctrine to avoid the time limits prescribed by FRAP 4(a)(6).  *Id.*  Here, far from creating an equitable exception, the district court merely applied agency principles to conclude that notice could not be imputed to Perez because his counsel had abandoned him.