**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1874
_____

ANDRE JUSTE;
FRANTZ MELON, Plaintiff Father

v.

SECRETARY UNITED STATES DEPARTMENT OF STATE;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY

Andre Juste,
            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No 2-17-cv-00327)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2017
Before: RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 18, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

The appellant, Andre Juste, is a Haitian citizen who was placed in removal proceedings in 2015 pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 1182(a)(2)(A)(i)(I) and (II).[1] In March 2017, while the removal proceedings were pending, Juste commenced this pro se action in the District Court seeking a declaration of citizenship pursuant to 8 U.S.C. § 1503. Juste claimed that in 1996, when he was under the age of 18, he gained derivative citizenship through his legal guardian, Franz Melon.[2] The District Court determined that it lacked jurisdiction to consider Juste's citizenship claim and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Juste now appeals from the District Court's order.[3]

We will affirm. Juste was required to raise his citizenship claim through administrative channels before turning to the District Court. A person may seek proof of citizenship by filing with USCIS a Form N-600, Application for Citizenship, pursuant to

---

[1] It appears that, at the time of this writing, Juste's removal proceedings remain pending. It is unclear from the record before us whether he raised his derivative-citizenship claim before the agency, but to the extent he did so without success, he may obtain judicial review of the agency's ruling in the appropriate Court of Appeals through 8 U.S.C. § 1252. See Ortega v. Holder 592 F.3d 738, 743-44 (7th Cir. 2010).

[2] Alien children of United States-born or naturalized parents can, under certain conditions, obtain derivative citizenship through 8 U.S.C. § 1432(a), the former derivative-citizenship provision, or the Child Citizenship Act of 2000, § 1431, which repealed and broadened the qualifications for derivative citizenship.

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Immigration & Nationality Act §§ 301, 309, 320, and/or 321. If the application is denied, he must timely appeal to the Administrative Appeals Office. See 8 C.F.R. § 103.3(a)(1)(i)-(iv). If the Appeals Office denies his appeal, he may then bring a declaratory judgment action under 28 U.S.C. § 2201 and 8 U.S.C. § 1503(a) challenging the adverse administrative action.

Juste does not contend—and nothing in the record otherwise suggests—that he sought to establish his citizenship with USCIS before commencing this declaratory judgment action in the District Court. In light of Juste's failure to exhaust his administrative remedies, the District Court correctly concluded that it lacked jurisdiction to consider the case, see 8 U.S.C. § 1252(d)(1); Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir. 1989), and properly dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B).

We have considered Juste's remaining arguments and conclude that they are meritless. Accordingly, we will affirm the District Court's judgment.[4]

---

[4] The motion for an extension of time to file a reply brief and appendix is denied.