# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2021

Lyle W. Cayce
Clerk

No. 21-20135

Reidie James Jackson,

*Plaintiff—Appellant*,

*versus*

James A. Baidoo, *Correctional Officer*; Captain Garrett R. Simmons; Major Julia M. Rodriguez,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3920

---

Before Southwick, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Reidie James Jackson, Texas prisoner # 1164177, appeals the district court's dismissal of his complaint without prejudice because he was a sanctioned litigant barred from proceeding in forma pauperis (IFP) under 28 U.S.C. § 1915(g).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20135

"[W]e must consider the basis of our own jurisdiction, sua sponte if necessary." *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). A timely notice of appeal is a jurisdictional requirement for an appeal in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In a civil matter, notice of appeal must be filed within 30 days of the entry of the judgment or order being appealed. 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A).

Jackson's notice of appeal was not filed within 30 days of the entry of the district court's final judgment or any of its postjudgment orders. Moreover, Jackson did not file a motion to excuse the delay under Federal Rule of Appellate Procedure 4(a)(5). *See Henry v. Estelle*, 688 F.2d 407, 407 (5th Cir. 1982); *Mann v. Lynaugh*, 840 F.2d 1194, 1198-99 & n.4 (5th Cir. 1988). Therefore, we lack jurisdiction to consider his appeal. *See Bowles*, 551 U.S. at 214. Accordingly, Jackson's appeal is DISMISSED for lack of jurisdiction, and his motion for leave to proceed IFP on appeal is DENIED as moot.