# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2021

Lyle W. Cayce
Clerk

No. 19-10890

Dominique Esparza,

*Plaintiff—Appellant*,

*versus*

Abe Partington; Dustin Koch; City of Waxahachie,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1336

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Dominique Esparza, currently Texas prisoner # 02239621, filed a 42 U.S.C. § 1983 complaint while he was in pretrial detention arising from three 2018 felony charges. He raised multiple claims arising from his unrelated 2017 arrest on misdemeanor charges of resisting arrest and driving without a valid license. After dismissing the § 1983 case without prejudice for failure

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10890

to comply with a court order and for want of prosecution, the district court denied Esparza leave to proceed in forma pauperis (IFP) on the basis that an appeal would not be in good faith. Esparza now seeks leave to appeal IFP.

If needed, we must sua sponte examine the basis for our jurisdiction. *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). A timely notice of appeal is a jurisdictional requirement for an appeal in a civil matter. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The notice of appeal in a civil action must be filed within 30 days of entry of the judgment. 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). Esparza did not file a timely appeal or request an extension of time under Federal Rule of Appellate Procedure 4(a)(5)(A).

A district court may reopen the time to appeal under Rule 4(a)(6). *See* FED. R. APP. P. 4(a)(6). Rule 4(a)(6) gives the district court the discretion to reopen the time to appeal if: (1) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment sought to be appealed within 21 days after entry; (2) the motion seeking relief under Rule 4(a)(6) is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced by reopening the appeal period. FED. R. APP. P. 4(a)(6).

Here, the untimely notice of appeal filed by Esparza arguably could be construed as a motion to reopen under Rule 4(a)(6). Thus, the action should be remanded to the district court for the limited purpose of deciding whether, in light of that motion, the time to file the notice of appeal should be reopened under Rule 4(a)(6). After issuing its ruling, the district court shall return the case to this court for further proceedings or dismissal, as appropriate.

LIMITED REMAND.