# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2022

Lyle W. Cayce
Clerk

No. 21-50139
Summary Calendar

Ezequiel Flores; Jose Luis Flores; Martha M. Flores; Juan C. Flores; Victor M. Flores,

*Plaintiffs—Appellants*,

*versus*

District Director Margaret A. Hartnett; Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CV-140

Before Owen, *Chief Judge*, and Southwick and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50139

The Flores siblings claim United States citizenship under 8 U.S.C. § 1409(c). The U.S. Citizenship and Immigration Services (USCIS) denied their Applications for Certificate of Citizenship (Forms N-600). They did not appeal this denial to the Administrative Appeal Office (AAO) and instead filed suit in federal court. The district court granted the Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), agreeing that it did not have jurisdiction because the Flores siblings failed to exhaust their administrative remedies. We AFFIRM.

# I

The Flores siblings allege that they were born out of wedlock in Mexico and that their mother is a citizen of the United States who had been physically present in the United States for a continuous one-year period prior to each of their births. They submitted Forms N-600 and attached their mother's Mexican birth certificate, her Certificate of Citizenship, her affidavit regarding her physical presence in the United States, and blood test results confirming the mother-child relationship.

USCIS denied their applications. Rather than administratively appeal the denials to the AAO, the Flores siblings filed suit in the U.S. District Court for the Western District of Texas. They requested that the district court issue a declaratory judgment under 8 U.S.C. § 1503(a) and a temporary restraining order under Rule 65. The Government filed a Rule 12(b)(1) motion to dismiss for lack of jurisdiction asserting that Ezequiel Flores, Jose Luis Flores, Juan C. Flores, and Victor M. Flores had failed to exhaust administrative remedies as required by § 1503(a) and that Martha M. Flores had not shown she resides in the United States.

The district court ordered the Flores siblings to file a response and show cause why the case should not be dismissed. The Flores siblings conceded that Martha M. Flores was not present in the United States and

2

was therefore ineligible to pursue her claims under § 1503(a). But the remaining siblings argued their case could proceed because § 1503(a) does not require the exhaustion of administrative remedies. The district court granted the Government's motion to dismiss, agreeing that the statute requires plaintiffs to exhaust administrative remedies before filing suit in district court. The court defined exhaustion in this statutory context as an adverse decision resulting from an appeal to the AAO. Because the court concluded that it lacked jurisdiction, it declined to consider the Government's remaining arguments. It then dismissed the case without prejudice and this appeal followed.

## II

This case focuses on whether 8 U.S.C. § 1503(a) requires the exhaustion of administrative remedies before a district court can obtain subject matter jurisdiction over the claim. "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking."[1] "We review questions of subject matter jurisdiction *de novo*."[2]

The Immigration and Nationality Act of 1952 (INA) "establish[es] a range of residency and physical-presence requirements calibrated primarily to the parents' nationality and the child's place of birth" in order to

---

[1] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

[2] *Wagner v. United States*, 545 F.3d 298, 300 (5th Cir. 2008) (quoting *In re Bissonnet Invs. LLC*, 320 F.3d 520, 522 (5th Cir. 2003)).

No. 21-50139

determine who shall be considered a U.S. citizen and national.[3]  Under 8 U.S.C. § 1409(c):

> [A] person born, after December 23, 1952, outside the United States and out of wedlock shall be held to have acquired at birth the nationality status of his mother, if the mother had the nationality of the United States at the time of such person's birth, and if the mother had previously been physically present in the United States or one of its outlying possessions for a continuous period of one year.[4]

Section 1503(a) allows a person to bring an action in the district court for a declaration of U.S. nationality under 28 U.S.C. § 2201 (the Declaratory Judgment Act) when that person "is denied [a] right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States."[5]  Such an action "may be instituted only within five years after the *final administrative denial* of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence."[6]

The parties in this case disagree on the meaning of "final administrative denial" and on whether this court's previous interpretation of the statute is binding.  The Flores siblings contend that the district court erroneously considered dicta in two Fifth Circuit cases.  The Government

---

[3] *Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1686 (2017).

[4] 8 U.S.C. § 1409(c).

[5] 8 U.S.C. § 1503(a).

[6] *Id.* (emphasis added).

responds that this court's exhaustion requirements in those cases were not merely dicta but rather binding determinations.

The two cases at issue are *Gonzalez v. Limon*[7] and *Rios-Valenzuela v. Department of Homeland Security*.[8] In both instances, this court mentions in a footnote that exhaustion of administrative remedies is a jurisdictional prerequisite to a claim under § 1503(a).[9] A statement is dictum if it "could have been deleted without seriously impairing the analytical foundations of the holding—[and], being peripheral, may not have received the full and careful consideration of the court that uttered it."[10] "A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law."[11] We have previously stated that "[i]n light of this court's obligation to assess its jurisdiction, an evaluation of . . . such jurisdiction is anything but 'unnecessary.'"[12] In *Perez v. Stephens*,[13] this court "addressed all avenues of potential relief [the plaintiff] possessed and rejected each in turn."[14] The court concluded that a footnote "ruling upon

---

[7] 926 F.3d 186 (5th Cir. 2019).

[8] 506 F.3d 393 (5th Cir. 2007).

[9] *Gonzalez*, 926 F.3d at 188 n.7 ("Additionally, a plaintiff must exhaust administrative remedies."); *Rios-Valenzuela*, 506 F.3d at 397 n.4 ("A person must exhaust the agency procedures.").

[10] *In re Cajun Elec. Power Co-op., Inc.*, 109 F.3d 248, 256 (5th Cir. 1997) (quoting *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986)).

[11] *Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004).

[12] *Perez v. Stephens*, 784 F.3d 276, 281 (5th Cir. 2015) (per curiam); *see also id.* at 280 ("It is axiomatic that we must consider the basis of our own jurisdiction, sua sponte if necessary.").

[13] 784 F.3d 276 (5th Cir. 2015).

[14] *Id.* at 281.

No. 21-50139

an alternative basis for appellate jurisdiction" was binding precedent and not "[o]biter dictum."[15]

In *Gonzalez*, this court stated in a footnote that "a plaintiff must exhaust administrative remedies."[16] The footnote is located in a paragraph on the jurisdictional requirements of § 1503(a).[17] We stated that "an action brought under Section 1503(a) must comply with . . . jurisdictional requirements," including the five-year statute of limitations period that begins to run after a final administrative denial as well as the exhaustion of administrative remedies.[18] The court concluded that it did not have jurisdiction over the plaintiff's second administrative denial.[19] Additionally, the plaintiff had failed to exhaust her first administrative denial.[20] Similar to the rulings in *Perez*, these determinations were "multiple avenues that arrive[d] at the same conclusion" that the court did not have jurisdiction and the appeal should be dismissed.[21] Therefore, the court's statement on exhaustion was a "ruling upon an alternative basis for appellate jurisdiction" and was not "[o]biter dictum."[22]

*Rios-Valenzuela* presents a similar situation in which the court noted the exhaustion requirement in a footnote.[23] The court had to conclude that

---

[15] *Id.*

[16] *Gonzalez v. Limon*, 926 F.3d 186, 188 n.7 (5th Cir. 2019).

[17] *Id.* at 188.

[18] *Id.*

[19] *Id.* at 190.

[20] *Id.* at 188.

[21] *Perez v. Stephens*, 784 F.3d 276, 284 (5th Cir. 2015) (per curiam).

[22] *See id.* at 281.

[23] *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 n.4 (5th Cir. 2007).

the plaintiff exhausted his administrative remedies by appealing to the AAO before reaching its analysis under § 1503(a)(1)-(2).[24] The plaintiff's appeal of his Form N-600 denial to the AAO was a prerequisite to the court determining whether § 1503(a)(1)-(2) further barred the district court's jurisdiction over his claim. The jurisdictional analysis is not dictum, but a necessary step to the ultimate conclusion.[25]

The determination that § 1503(a) requires exhaustion of agency procedures also finds support in other circuits. The Third Circuit concluded that a district court lacked jurisdiction to consider a plaintiff's § 1503(a) case "[i]n light of [his] failure to exhaust his administrative remedies."[26] The Fourth Circuit has similarly concluded that a plaintiff's action was barred "because he failed to exhaust administrative remedies before filing his habeas action in the district court."[27] Specifically, the plaintiff "failed to appeal the rejection of his Form N-600 Application for Certificate of Citizenship to the Administrative Appeals Unit of INS."[28] As the Government points out,

---

[24] *See id.* at 397.

[25] *See Perez*, 784 F.3d at 281.

[26] *Juste v. Sec'y U.S. Dep't of State*, 697 F. App'x 130, 131 (3d Cir. 2017) (unpublished) (per curiam); *see also United States v. Breyer*, 41 F.3d 884, 892 (3d Cir. 1994) ("As section 1503(a) expressly requires a 'final administrative denial' before any such action may be instituted, a federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies.").

[27] *Johnson v. Whitehead*, 647 F.3d 120, 125 (4th Cir. 2011).

[28] *Id.*

district courts across the country have similarly determined that § 1503(a) requires exhaustion.[29]

We will not disturb a prior panel's binding determination.[30]  Section 1503(a) requires that the Flores siblings exhaust their administrative remedies by appealing to the AAO before filing in the district court.  Because they did not do so, the district court lacked subject matter jurisdiction over their claims.

\*     \*     \*

The order of the district court is AFFIRMED.

---

[29] *See, e.g.*, *Xia v. Kerry*, 73 F. Supp. 3d 33, 45 (D.D.C 2014) ("Section 1503 . . . requires administrative exhaustion."); *Harris v. Dep't of Homeland Sec.*, 18 F. Supp. 3d 1349, 1357 (S.D. Fla. 2014) ("Section 1503(a), by its terms, makes exhaustion of administrative remedies a jurisdictional requirement."); *Patino v. Chertoff*, 595 F. Supp. 2d 310, 313 (S.D.N.Y. 2009); *Place v. Dep't of Homeland Sec.*, No. L-10-781, 2010 WL 1416136, at \*2 (D. Md. Apr. 6, 2010) ("It is well-established under the case law that district courts do not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies.").

[30] *See United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014) ("Three-judge panels 'abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by a Fifth Circuit sitting en banc.'") (quoting *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001)); *see also id.* ("The binding force of a prior-panel decision applies 'not only [to] the result but also [to] those portions of the opinion necessary to that result.'") (quoting *Gochicoa v. Johnson*, 238 F.3d 278, 286 n.11 (5th Cir. 2000)).