# United States Court of Appeals for the Fifth Circuit

_____

No. 22-50751
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimmy Zavala,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-425-2

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jimmy Zavala, federal inmate # 49053-180, appeals the denial of his motion to correct the record relating to the appeal of his fifth 28 U.S.C. § 2255 motion attacking his 2005 convictions for various drug, firearms, money laundering, and conspiracy offenses. Zavala also moves to supplement the record on appeal with various documents relating to his

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50751

criminal case and to withdraw the memorandum he filed in support of his motion to supplement the record.

"[W]e must consider the basis of our own jurisdiction, sua sponte if necessary." *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). Our appellate jurisdiction extends to "appeals from all *final* decisions of the district courts of the United States," 28 U.S.C. § 1291 (emphasis added), as well as a limited number of appealable interlocutory orders, 28 U.S.C. § 1292(a). The denial of Zavala's motion to correct the record, which related to his already-resolved appeal in another case, was not an appealable final order because it did not end the litigation of his prior § 2255 motion on the merits. *See Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999). Nor did it constitute an appealable interlocutory order. Moreover, because we have previously resolved Zavala's appeal of the denial of his fifth § 2255 motion, the issues raised in his motion to correct are now moot. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016); *United States v. Zavala*, No. 22-50318 (5th Cir. Nov. 18, 2022) (unpublished panel order).

Accordingly, we DISMISS the appeal for lack of jurisdiction. Zavala's motions to supplement the record and to withdraw the memorandum in support of his motion to supplement the record are DENIED.

Since 2008, Zavala has unsuccessfully challenged the validity of his 2005 convictions through repeated, and often repetitive and successive § 2255 motions and attendant postjudgment and discovery motions. Recently, a panel of this court warned Zavala that filing frivolous, repetitive, or otherwise abusive pleadings could result in the imposition of sanctions. *See Zavala*, No. 22-50318. Zavala is again WARNED that filing frivolous, repetitive, or otherwise abusive pleadings in this court or any court subject to this court's jurisdiction could result in the imposition of sanctions, including

No. 22-50751

dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.