# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2024

Lyle W. Cayce
Clerk

No. 24-10106
Summary Calendar

───────────────

Reginald Turner,

*Plaintiff—Appellant*,

*versus*

American Family Insurance,

*Defendant—Appellee*.

───────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2284

───────────────────────────────

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

Reginald Turner, Texas prisoner # 2496008, moves for leave to proceed in forma pauperis (IFP) in this appeal of the dismissal of his civil action pursuant to Federal Rule of Civil Procedure 12(b)(6). By moving this court for leave to proceed IFP, Turner is challenging the district court's

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

This court "must consider the basis of [its] own jurisdiction, sua sponte if necessary." *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). Although Turner filed a timely notice of appeal with respect to the dismissal of his civil action, he did not file a new or amended notice of appeal following the district court's February 6, 2024, order denying his construed Federal Rule of Civil Procedure 59(e) motion. *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A)(iv), (a)(4)(B)(ii). Thus, we lack jurisdiction to consider that ruling. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Fiess v. State Farm Lloyds*, 392 F.3d 802, 806-07 (5th Cir. 2004).

Turner does not meaningfully challenge the district court's reasons for dismissing his civil action based on a claim of negligence for failure to state a claim upon which relief may be granted. When seeking IFP, a party must file a brief explaining a valid basis for appeal. His two-page IFP brief arguing that he should be allowed to proceed IFP is conclusory and insufficient to demonstrate a nonfrivolous issue for appeal. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983) ("The existence of any nonfrivolous issue on appeal is sufficient to require that this Court grant the inmates' present motion."); *Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982) (requiring that litigants moving to proceed IFP identify "issues on appeal that [are] not frivolous"); *see also Dobbins v. Davis,* 764 F. App'x 433, 434 (5th Cir. 2019) (denying a motion to proceed IFP for failure to present a meritorious legal challenge even though all "pro se filings are liberally construed").

The appeal is without arguable merit and is thus frivolous. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Turner's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See*

*Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Turner's motion for the appointment of counsel is also DENIED.

The district court's dismissal of this case for failure to state a claim and our dismissal of the appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Turner is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).